UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHN DIVINE

CIVIL ACTION NO. 06-cv-2231

VERSUS

JUDGE HICKS

WARDEN OF DAVID WADE
CORRECTIONAL CENTER

MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

John Reagan Divine ("Petitioner") was indicted for second degree murder of Joshua Koob. A Caddo Parish jury convicted Petitioner of a lesser charge of manslaughter. Petitioner was adjudicated a second-felony offender, and Judge Jeanette Garrett imposed a 30-year sentence. Petitioner pursued two issues -- sufficiency of the evidence and excessive sentence -- on direct appeal. See State v. Divine, 916 So.2d 1264 (La. App. 2d Cir. 2005), writ denied, 938 So.2d 67 (La. 2006). Petitioner now presents those same two issues to this court in a petition for federal habeas corpus relief. For the reasons that follow, it is recommended that the petition be denied.

**Sufficiency of the Evidence**

Petitioner and his brother, Nick Divine, lived in apartments at a four-plex on Dalzell Street in Shreveport. Joshua Koob, the victim, was also a resident of an apartment in the building. The fourth apartment was occupied by James O'Conner and Carlos Vasquez.

Nick came home from work and found that his apartment had been burglarized. Among the items taken were a shotgun and Nick's fiance's engagement ring. Nick and his brother (Petitioner) suspected that Koob was the burglar. Nick borrowed from his father a 12-gauge Mossberg shotgun and a 9 mm Hi-Point rifle, with the intention that he and Petitioner spend the night in the apartment and keep guard.

When Nick returned to the four-plex with the guns, he encountered Koob, who was coming down the stairs. Nick testified that Koob asked what the guns were about, and Nick said he came back for his ring. Koob then drew a 9 mm pistol and, according to Nick, pointed it at Nick's face. The men yelled at each other and argued, Petitioner became involved by jumping between the two, and there was some pushing and shoving between Petitioner and Koob. Nick testified that Koob fired his gun during the encounter. Witness Matthew Nance also testified that he heard a gunshot during the struggle between Petitioner and Koob.

There were other witnesses to these events, but their testimony varied significantly as to the details. There appears to be general agreement that Petitioner and Koob were struggling, with some testimony that Petitioner was making statements that indicated his goal was to prevent Koob from shooting Nick with the pistol. The two men eventually separated, and Koob began to move toward Nick, who had moved behind some nearby stairs.

The witnesses disagreed as to whether Koob was still armed with his 9 mm pistol at this time. Petitioner and Nick testified that Koob still had the pistol in his hand as he moved toward Nick. Four other witnesses testified that Koob was *not* armed at this time. For

example, one witness said that he saw *Petitioner* holding Koob's gun in his hand when Koob separated from his struggle with Petitioner and went toward Nick. The witness then saw Petitioner pick up a long gun (the shotgun) and walk toward where Nick and Koob were. The witness then heard Petitioner yell, "You want to shoot my brother. You want to shoot my brother," followed by gunshots. Tr.. 458-64. Another witness recalled with "one hundred percent" certainty that Koob did not have a gun in his hands when he ran to where Nick was and continued their argument, but the same witness recalled that Petitioner fired only with a pistol. He did not think Petitioner had anything else in his hands at the time of the shooting (though Petitioner admits he fired a shotgun at that time). Tr. 568-71.

Petitioner shot Koob once in the back with a shotgun slug. Koob fell and rolled onto his back. Petitioner then used Koob's pistol to fire three rounds into Koob's neck, face, and chest. Petitioner testified that he shot Koob the extra three times because he was scared Koob would "pull something out of his pocket" or "get up and try to hurt me." Tr. 638-65.

Dr. George McCormick, a forensic pathologist, testified that Koob was first shot in the back with a shotgun slug. That wound would have immediately dropped Koob to the floor and eventually would have been fatal, but McCormick testified that Koob could have still moved his hands while on the ground. Koob was then shot three times with the 9 mm pistol, the only handgun recovered at the scene. One of the shots to the neck, face, and chest also likely caused gunshot damage to a finger on Koob's right hand. Tr. 537-56.

Petitioner was convicted of manslaughter, which is a homicide that would be first or second degree murder but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. La.R.S. 14:31. The jury was charged with the elements of this crime, as well as Louisiana law on justifiable homicide and use of force in defense of another person. Tr. 750-52. See La.R.S. 14:19 and 20. The jury returned a verdict of guilty of manslaughter. Tr. 757.

In evaluating the sufficiency of evidence to support a conviction "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 99 S.Ct. 2781, 2789 (1979). The trier of fact has broad discretion to "resolve conflicts in testimony, to weigh evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id. The Jackson inquiry "does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." Herrera v. Collins, 113 S.Ct. 853, 861 (1993).

The Louisiana appellate court cited and applied the Jackson standard on Petitioner's direct appeal, so its decision was not "contrary to clearly established Federal law," and Petitioner can obtain habeas relief only if the State court's decision was an "unreasonable

application" of Jackson. 28 U.S.C. § 2254(d); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000); Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001).

Under the unreasonable application clause, a federal court is permitted to grant the writ if the state court has identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the prisoner's case. Williams, 120 S.Ct. at 1523. Even if the federal court, in its independent judgment, has a firm conviction that the state court was incorrect in its application of a federal constitutional principle, that alone does not permit the federal court to grant habeas relief. Relief is not permitted unless the state court decision was so wrong as to be objectively unreasonable. Lockyer v. Andrade, 123 S.Ct. 1166, 1175 (2003). And it is only the state court's ultimate decision, not the quality of its analysis or opinion, that is at issue. Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002)(en banc).

The state appellate court reviewed the testimony of the several witnesses and noted the various conflicts in the testimony. The court was convinced that a rational trier of fact, viewing the evidence in a light most favorable to the prosecution, "could have reasonably concluded that any aggression on the part of Koob had ended and that he was first shot in the back by defendant and then shot in the neck, face, and chest while lying on the floor." State v. Devine, 916 So.2d at 1265-66. The court added its opinion that the elements of even second degree murder had been proved beyond a reasonable doubt, so the lesser verdict of manslaughter was affirmed.

There was evidence presented by which a juror could find that Petitioner shot Koob while Koob was unarmed and no longer posed an imminent threat to Petitioner or Nick. The defense offered testimony that Koob still had a gun in his hand and did pose a threat when Petitioner shot him, but it was the role of the jury to make credibility determinations and decide which witnesses were more persuasive. And "under Jackson, the assessment of the credibility of the witnesses is generally beyond the scope of review." Schlup v. Delo, 115 S.Ct. 851, 868 (1995). The jury performed its role in assessing the credibility and weight of the testimony, and it obviously favored the testimony that supported the manslaughter conviction over that which supported the two offered defenses. The state court's decision to affirm the jury's verdict was quite reasonable and could not be deemed an objectively unreasonable application of Jackson. No relief is permitted with respect to this claim.

**Excessive Sentence**

The sentencing range for manslaughter is imprisonment for not more than 40 years. Petitioner was a second-felony offender, so he was subject to an enhanced sentence of not less than 20 years and up to 80 years. Judge Garrett conducted a sentencing hearing. She heard testimony about the impact of Mr. Koob's death on his family. Petitioner also spoke at the hearing. He said that he felt terrible for the victim's family, but he argued that justice had not been served and that he had been railroaded. The judge considered the pre-sentence investigation report, which revealed a significant criminal history that included aggravated assault, illegal use of a weapon, possession of an altered firearm, simple battery, and felony

theft. Petitioner was once arrested for armed robbery while he was on probation for an earlier crime. The judge noted that Petitioner had never accepted responsibility for his actions and had shown little remorse. After a thorough discussion of the case and the factors that she considered, the judge imposed a sentence of 30 years at hard labor. Tr. 785-812.

If a sentence is within statutory limits, a habeas petitioner is not entitled to relief unless he can show that the sentencing decision was "wholly devoid of discretion or amounted to an arbitrary or capricious abuse of discretion, or that an error of law resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty." Haynes v. Butler, 825 F.2d 921, 924 (5th Cir. 1987) (internal citations and quotations omitted). See also Jones v. Cain, 2009 WL 928477 (E.D. La. 2009). Petitioner has not demonstrated that the sentencing decision on his conviction for manslaughter, enhanced for habitual offender status, was outside the statutory limit, wholly devoid of discretion, or that it was otherwise an objectively unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d). The sentencing judge gave detailed and sound reasons for imposing a sentence that was significant but still at the lower end of the statutory range.

Recent decisions from the Supreme Court also demonstrate the lack of merit in Petitioner's attack on his sentence. See Lockyer v. Andrade, 123 S.Ct. 1166 (2003) (affirming two consecutive terms of 25 years to life for two "third strike" convictions of felony petty theft stemming from thefts of about $150 worth of videotapes from two different stores) and Ewing v. California, 123 S.Ct. 1179 (2003) (affirming sentence of 25 years to

theft. Petitioner was once arrested for armed robbery while he was on probation for an earlier crime. The judge noted that Petitioner had never accepted responsibility for his actions and had shown little remorse. After a thorough discussion of the case and the factors that she considered, the judge imposed a sentence of 30 years at hard labor. Tr. 785-812.

If a sentence is within statutory limits, a habeas petitioner is not entitled to relief unless he can show that the sentencing decision was "wholly devoid of discretion or amounted to an arbitrary or capricious abuse of discretion, or that an error of law resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty." Haynes v. Butler, 825 F.2d 921, 924 (5th Cir. 1987) (internal citations and quotations omitted). See also Jones v. Cain, 2009 WL 928477 (E.D. La. 2009). Petitioner has not demonstrated that the sentencing decision on his conviction for manslaughter, enhanced for habitual offender status, was outside the statutory limit, wholly devoid of discretion, or that it was otherwise an objectively unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d). The sentencing judge gave detailed and sound reasons for imposing a sentence that was significant but still at the lower end of the statutory range.

Recent decisions from the Supreme Court also demonstrate the lack of merit in Petitioner's attack on his sentence. See Lockyer v. Andrade, 123 S.Ct. 1166 (2003) (affirming two consecutive terms of 25 years to life for two "third strike" convictions of felony petty theft stemming from thefts of about $150 worth of videotapes from two different stores) and Ewing v. California, 123 S.Ct. 1179 (2003) (affirming sentence of 25 years to

life, under California three-strikes law, for theft of three golf clubs). Petitioner's 30 year sentence for manslaughter, committed by a second time felon, is not extraordinary and appears to be in step with sentences handed down in similar cases. Relief is not permitted on this claim.

Accordingly;

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **denied** and that Petitioner's complaint be **dismissed with prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of July, 2009.

                                  /s/ Mark L. Hornsby
                                  MARK L. HORNSBY
                                  UNITED STATES MAGISTRATE JUDGE